IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LEONARD S. EMBODY, | ) |
| Plaintiff, | ) NO. 3:10-cv-00126 |
| | ) JURY DEMAND |
| V. | ) |
| | ) JUDGE HAYNES |
| STEVE WARD, individually, | ) |
| Defendant. | ) |

## ANSWER

**FIRST DEFENSE:** The Complaint should be dismissed because it fails to state any claim upon which relief may be granted.

**SECOND DEFENSE:** The Complaint should be dismissed because the doctrine of qualified immunity bars all money damages against Ranger Ward.

Subject to the above defenses, defendant Steve Ward answers the correspondingly numbered paragraphs of the Complaint:

1. Admitted as to jurisdiction, but denied as to any violation of the plaintiff's constitutional rights.

2. Responses as to parties:

2.1. Mr. Embody's residency is admitted upon information and belief. The defendant lacks knowledge or information sufficient to form a belief about the truth of allegations of the lawfulness of Mr. Embody's purpose in coming to Radnor Lake Natural Area or his actions while there. At the time he was detained, Mr. Embody's actions, markings on his weapon, and

possible alterations made to the weapon were sufficient to make law enforcement officers, including Ranger Ward, reasonably suspicious that he was not acting lawfully.

2.2. Admitted.

3. Admitted that on Sunday, December 20, 2009, Mr. Embody was seen walking in a populated area of Radnor Lake Natural Area carrying an AK-47 assault weapon. Admitted that Mr. Embody had a handgun permit with him, but denied as to any inference that the observing Park Ranger had concluded that the weapon Mr. Embody was carrying comported with the permit. Admitted that Mr. Embody was allowed to continue walking at liberty, but under the Ranger's surveillance.

3.1. Admitted that the Ranger and others had notified Ranger Ward about an individual with an AK-47 assault weapon, and that Ranger Ward responded to several requests for his aid. Admitted that when Ranger Ward encountered Mr. Embody in the Natural Area, Mr. Embody was carrying the weapon in a "ready" position across his chest at the time of that encounter. Denied that Ranger Ward ever handcuffed Mr. Embody. Remainder admitted, except that Ranger Ward then allowed Mr. Embody to get up, to get his tape recorder and start recording, and to make a phone call.

3.2. Admitted that Ranger Ward reviewed the permit that Mr. Embody had with him, but denied that he could conclude that the weapon Mr. Embody was carrying comported with the permit. Admitted that park officials notified the Metropolitan Police Department for assistance. Denied that Ranger Ward detained Mr. Embody after he and the other officers later determined Mr. Embody should be permitted to leave. Remainder denied.

3.3. Admitted that Mr. Embody asked that a Metro police sergeant come to the scene to discuss grounds for a citation to Mr. Embody for unlawful possession of a weapon, and that

2

Case 3:10-cv-00126  Document 4  Filed 02/26/10  Page 2 of 4 PageID #: 10

Mr. Embody told officers that he was willing to wait. Admitted that when the sergeant arrived, he advised Mr. Embody of the charge. Admitted that shortly after that, the officers and Ranger Ward received information that a background check on the weapon indicated that it comported with the permit, and that the officers and Ranger Ward then allowed Mr. Embody to leave with his weapon and ammunition.

    4. Ranger Ward denies any violation of the plaintiff's constitutional right.

    4.1. Admitted as to first sentence. Denied as to legal conclusions in remaining sentences.

    4.2. Denied as to characterization of detention. Mr. Embody prolonged his detention with his own request to have a police sergeant come to the scene to discuss the matter with him. Ranger Ward kept his shotgun drawn only until Mr. Embody relinquished his weapon, as ordered, and was no longer armed. Denied that Ranger Ward ever handcuffed him. Denied that Ranger Ward acted in any way other than as a reasonable law enforcement officer protecting the public and the law enforcement officers. Denied that Mr. Embody's detention was any longer than needed to determine whether Mr. Embody had acted lawfully in bringing this particular weapon into the Natural Area.

    5. Denied as to any unconstitutional actions, and further denied as to any damages.

    6. (Prayer 1.) Defendant Ward asks for a jury to try this case.

    7 (Prayer 2-5.) Denied that Mr. Embody is entitled to any damages, attorney's fees, costs, or relief of any nature.

    8. All allegations not already admitted or denied are denied.

In addition to dismissal of this case, Ranger Ward asks that any attorney's fees or other expenses incurred in the defense of this case be assessed against the plaintiff.

Respectfully submitted,

ROBERT E. COOPER, JR., BPR #010934
Attorney General & Reporter

s/ Mary M. Bers
MARY M. BERS, BPR #13159
Senior Counsel
DAWN M. JORDAN, BPR # 20383
Civil Rights & Claims Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-1845

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2010, a copy of the foregoing was filed electronically to Phillip L. Davidson, 2400 Crestmoor Road, Suite 107, Nashville, TN 37215. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Copies will be served by the Court's electronic filing service on the following counsel of record:

s/ Mary M. Bers