UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LEONARD S. EMBODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:10 CV-126 |
| | ) | JURY DEMAND |
| STEVE WARD, individually, | ) | |
| | ) | |
| Defendant. | ) | |

## CASE MANAGEMENT ORDER NO. 1

**I.    Jurisdiction and Venue**

Jurisdiction and venue is not disputed by the parties.

**II.    Parties' Theories of the Case**

**1.    Plaintiff's Theory of the Case**

On December 20, 2009, Embody was taking a walk in Radnor Lake Park.  Embody had

with him an AK-47 handgun that he had a Tennessee Handgun Permit to carry.  He was stopped

by a Park Ranger and asked about the handgun.  Embody told the Ranger that the gun was legal

and that he had a permit to carry it.  The Ranger looked at the handgun and the permit then let

Embody continue on his walk.  Defendant Ward, after learning of the encounter, searched for

Embody and found him still walking.  Ward exited his vehicle and pointed a shotgun at Embody

telling him to freeze and put his weapon on the ground.  Embody complied.  Ward then ordered

Embody to put his face against the ground and his hands behind his head.  Again, Embody

complied.  Ward seized Embody's weapon, searched Embody and then handcuffed him.  Prior to

stopping Embody, Ward was aware that Embody had a permit to carry his weapon.  After Ward

1

had Embody in custody he again looked at the permit. After a few minutes officers from the Metropolitan Police Department arrived. They asked Ward to release Embody because the weapon was legal and his right to carry the weapon was evidenced by his permit. However, Ward continued to detain Embody. After about one hour, one of the Metro Officers requested that Embody sign a citation which said he was being arrested for unlawful possession of a weapon. Embody refused, instead requesting to see a supervisor or be taken to see a magistrate. Ward and the Metro officer conferred then Ward told Embody he could leave, giving him back his weapon and ammunition. Ward, as a State Law Enforcement Officer, is charged with and has the duty to know the corpus delicti of crimes. He should have known that Embody was not carrying an illegal weapon. This is especially compounded because Ward was aware that Embody had a permit to carry the weapon prior to arresting him. Ward arrested, seized and detained Embody without benefit of probable cause in violation of the Fourth Amendment to the United States Constitution in that Embody was detained for over three hours, handcuffed and threatened with a shotgun. Embody was not free to leave and was kept under Ward's control longer than was reasonably necessary to make an investigation into whether Embody was committing a crime. Further, Ward knew or should have known as a trained law enforcement officer, that Embody had committed no crime. As a direct and proximate result of Ward's unconstitutional actions, Embody was subjected to arrest in violation of his Fourth Amendment rights and subjected to mental anguish, humiliation and embarrassment, because, the events described in this Complaint were published widely in the Nashville area by the local news media.

2.      **Defendant's Theory of the Case**

On Sunday afternoon, December 20, 2009, a Park Ranger found Leonard Embody carrying an AK-47 weapon through Radnor Lake Natural Area. He questioned Embody, but

could not conclude that this particular weapon comported with any handgun permit. He allowed Embody to continue walking, but kept Embody under surveillance while he contacted defendant Park Ranger Steve Ward, the park manager.

When Ranger Ward arrived at the visitors' parking lot, he encountered Embody walking toward him with the weapon in a "ready" position over his chest. Ward trained his shotgun at Embody until Embody relinquished the weapon as ordered, submitted to be searched, and was no longer armed. Ward then allowed him to get up, get a tape recorder, start recording, and make cell phone calls. Ward never handcuffed Embody.

Park officials had called the Metropolitan Nashville ("Metro") Police Department for assistance. Ward and the Metro police officers detained Embody because the markings on Embody's weapon, the possibility of alterations to the weapon itself, plus Embody's own actions in walking through the popular Natural Area carrying an assault weapon while dressed in military-type camouflage apparel made them reasonably concerned for the safety of the public and suspicious that Embody was not acting lawfully. They detained him while they obtained more background information about this particular weapon. During this time, Embody told them that he wanted a Metro Police Department sergeant to come to the scene to discuss a citation for illegal possession of a weapon, and further told them that he was willing to wait any additional time it took for the sergeant to arrive. When Ward and the other officers received information that a background check on the weapon indicated that it comported with Embody's handgun permit, they allowed him to leave with his weapon and ammunition.

Embody's detention was no longer than necessary to determine whether Embody had acted lawfully in bringing the assault weapon into Radnor Lake Natural Area. Defendant Ranger

Ward acted as a reasonable law enforcement officer ensuring the safety of the public, Embody, and other law enforcement officers.

### III. Schedule of Pretrial Proceedings

### A. Rule26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

As determined at the case management conference on ____4-5-10____, this action is set for a jury trial on ____March 8, 2011 at 7am____.

If this action is to be settled, the Law Clerk shall be notified by noon, ____Friday 3/4/11.____ If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _Monday February 25, 2011 at 3:00 pm_ A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **August 25, 2010**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **August 6, 2010**. All discovery related statements shall be filed by the close of business on **August 25, 2010**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] shall be filed by the close of business on **October 22, 2010**, and any response thereto shall be filed by the close of business on **November 22, 2010**. Any reply shall be filed by the close of business on **December 7, 2010**.[2] **Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers in** Megan_Gregory@tnmd.uscourts.gov**.**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **August 31, 2010**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **September 30, 2010**, the defendant shall declare to the plaintiff (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **October 15, 2010**. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**Entered** this _5th_ day of ___April___, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge