UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LEONARD S. EMBODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:10-cv-126 |
| | ) | JUDGE HAYNES |
| STEVE WARD, individually, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

AMENDED COMPLAINT

Comes the Plaintiff complaining of the Defendant and would show unto the Court:

1. <u>Jurisdiction</u>. The jurisdiction of the Court to hear this case is invoked pursuant to Title 28 U.S.C. § 1343 in that this is a case brought pursuant to a Federal Law Title 42 U.S.C. § 1983 for violating the Plaintiff's right to be free from arrest without probable cause as guaranteed by the Fourth Amendment to the United States Constitution, and violating the Plaintiff's right to bear arms in violation of the Second Amendment of the United States Constitution.

2. <u>Parties</u>.

2.1. <u>Plaintiff</u>. The Plaintiff, Leonard S. Embody [Embody], is a citizen of the State of Tennessee and a resident of Williamson County, Tennessee. At all times mentioned in this Complaint, Embody was acting in a lawful manner.

2.2. <u>Defendant</u>. The Defendant, Steve Ward [Ward], at all times mentioned in this Complaint, was a Tennessee Park Ranger, employed by the State of Tennessee as a Park Manager. At all times mentioned in this Complaint, Ward was acting within the scope of his

1

employment as a State Park Ranger/Park Manager and under color of law. He is sued individually.

3. <u>Facts</u>. On December 20, 2009, Embody was taking a walk in Radnor Lake Park. Embody had with him an AK-47 handgun that he had a Tennessee Handgun Permit to carry. He was stopped by a Park Ranger and asked about the handgun. Embody told the Ranger that the gun was legal and that he had a permit to carry it. The Ranger looked at the handgun and the permit then let Embody continue on his walk.

3.1. Defendant Ward, after learning of the encounter, searched for Embody and found him still walking. Ward exited his vehicle and pointed a shotgun at Embody telling him to freeze and put his weapon on the ground. Embody complied. Ward then ordered Embody to put his face against the ground and his hands behind his head. Again, Embody complied. Ward seized Embody's weapon, searched Embody and then handcuffed him.

3.2. Prior to stopping Embody, Ward was aware that Embody had a permit to carry his weapon. After Ward had Embody in custody he again looked at the permit. After a few minutes officers from the Metropolitan Police Department arrived. They asked Ward to release Embody because the weapon was legal and his right to carry the weapon was evidenced by his permit. However, Ward continued to detain Embody.

3.3. After about one hour, one of the Metro Officers requested that Embody sign a citation which said he was being arrested for unlawful possession of a weapon. Embody refused, instead requesting to see a supervisor or be taken to see a magistrate. Ward and the Metro officer conferred then Ward told Embody he could leave, giving him back his weapon and ammunition.

4. <u>Constitutional Violation</u>. The previous paragraphs of this Complaint are adopted by reference in this paragraph.

2

4.1. Ward, as a State Law Enforcement Officer, is charged with and has the duty to know the corpus delicti of crimes. He should have known that Embody was not carrying an illegal weapon. This is especially compounded because Ward was aware that Embody had a permit to carry the weapon prior to arresting him and because the weapon in question was legal in the State of Tennessee.

4.2. Ward arrested, seized and detained Embody without benefit of probable cause in violation of the Fourth Amendment to the United States Constitution in that Embody was detained for over three hours, handcuffed and threatened with a shotgun. Embody was not free to leave and was kept under Ward's control longer than was reasonably necessary to make an investigation into whether Embody was committing a crime. Further, Ward knew or should have known as a trained law enforcement officer, that Embody had committed no crime.

4.3. Ward seized Plaintiff Embody and his weapon when at the time Tennessee Law made the carrying of the weapon on State Park land legal and the weapon was itself legal. Ward should have known that his actions were reckless and unconstitutional and violated Embody's right to bear arms as guaranteed by the Second Amendment of the United States Constitution.

5. <u>Damages</u>. As a direct and proximate result of Ward's unconstitutional actions, Embody was subjected to arrest in violation of his Fourth Amendment rights and subjected to mental anguish, humiliation and embarrassment, because, the events described in this Complaint were published widely in the Nashville area by the local news media.

WHEREFORE, the Plaintiff prays of the Court:

1. That he be granted a jury to try this case.

2. That he be awarded compensatory damages in the amount that will compensate him for his injuries.

3. That he be awarded reasonable attorney fees pursuant to Title 42 U.S.C. § 1988.

4. That he be awarded the cost of this case.

5. For such other and further relief as the Court may deem fit and proper.

Respectfully submitted,

/s/ Phillip L. Davidson
Phillip L. Davidson, #6466
2400 Crestmoor Road
Suite 107
Nashville, Tennessee 37215
(615) 386-7115

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was delivered electronically to

Mary M. Bers
Senior Counsel
Civil Rights & Claims Division
PO Box 20207
Nashville, TN 37202-0207

this date.

/s/ Phillip L. Davidson
Phillip L. Davidson