# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| LEONARD S. EMBODY, ) | |
| ) | |
| Plaintiff, ) | NO. 3:10-cv-00126 |
| ) | JURY DEMAND |
| V. ) | |
| ) | JUDGE HAYNES |
| STEVE WARD, individually, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR SUMMARY JUDGMENT BY DEFENDANT STEVE WARD

Pursuant to Fed. R. Civ. P. defendant Steve Ward moves for summary judgment:

1. When plaintiff Leonard Embody was seen walking through a state park dressed in camouflage, carrying an AK-47 type weapon modified to resemble a toy gun, and alarming park visitors, and when defendant Park Ranger Steve Ward himself encountered Embody with the weapon in a sling across his chest in a tactical "ready" position, Ward did not violate Embody's Fourth Amendment rights by stopping Embody at gunpoint and then detaining him for the two and a half hours it took the assisting Metro Police Officers to research the weapon to determine what it was, and whether it was legal.

2. The same undisputed facts show that Ward did not violate Embody's Second Amendment rights when state law permits a law enforcement officer to disarm a handgun permit holder at any time when the officer reasonably believes it is necessary for the protection of the permit holder, officer, or other individual or individuals, and when Ward has such a reasonable belief.

3. Even if there had been any constitutional violation, Ranger Ward is entitled to qualified immunity because he did not violate any clearly established rules by relying on state

law governing handguns, and on the authority that state law gave him as a law enforcement officer.

In support of his motion, defendant Ward relies on the following documents:

Deposition of Leonard Embody and exhibits (exhibit 5, DVD recording omitted);

Deposition of Joshua Walsh;

Deposition of Steve Ward and exhibits;

Affidavit of Michael Carlton and Exhibit A, Customer Complaint and Review of Complaint;

Affidavit of Lt. Natalie Lokey, Metropolitan Nashville Police Department, and Exhibit A, Police Complaint Investigation;

Affidavit of William T. (Tom) Long and Exhibit A, *Curriculum* Vitae, Exhibit B, Expert Report;

Affidavit of Shane Petty;

Affidavit of Steve Ward, and exhibits 1-7, photos;

Defendant's Requests for Admissions with Plaintiff's responses;

2009 Tenn. Pub. Ch. 428 (2009).

In further support of his motion, defendant Ward relies on the accompanying Statement of Material Facts and Memorandum of Law.

> Respectfully submitted,
>
> ROBERT E. COOPER, JR., BPR # 010934
> Attorney General and Reporter
>
> s/Mary M. Bers, BPR # 013159
> Senior Counsel
> s. Dawn M. Jordan, BPR # 020383
> Senior Counsel
> Office of the Attorney General
> P. O. Box 20207
> Nashville, Tennessee 37202-0207
> (615) 741-1845

2

CERTIFICATE OF SERVICE

        I hereby certify that on this 30th day of November, 2010, a copy of the foregoing was filed electronically to Phillip L. Davidson, 2400 Crestmoor Road, Suite 107, Nashville, TN 37215. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Copies will be served by the Court's electronic filing service on the following counsel of record:

s/ Mary M. Bers